# **EXHIBIT A**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** SUFFOLK
-----------------------------------------------------------x
EMILIES PASTARIA LLC,

                          Plaintiff/Petitioner,

     - against -                              Index No. 602018/2022
US UNDERWRITERS INSURANCE COMPANY

                        Defendant/Respondent.
-----------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **<u>If you are represented by an attorney</u>:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **<u>If you are not represented by an attorney</u>:**
  **You will be served with all documents in paper and you must serve and file your documents in paper,** unless you choose to participate in e-filing.

  <u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

Page 1 of 2

6/6/18   EFM-1

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
### (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: February 7, 2022

EVAN W. KLESTZICK, ESQ.
**Name**
McDonnell, Adels & Klestzick, PLLC

**Firm Name**

401 Franklin Ave., Suite 200
**Address**

Garden City, New York 11530

516-328-3500
**Phone**

eklestzick@maklawpc.com
**E-Mail**

To: US UNDERWRITERS INSURAN

1190 Devon Park Drive

Wayne, PA 19067

FILED: SUFFOLK COUNTY CLERK 02/01/2022 12:18 PM
NYSCEF DOC. NO. 1

INDEX NO. 602018/2022
RECEIVED NYSCEF: 02/01/2022

MAG-0381

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------X

EMILIES PASTARIA LLC,

                                   Plaintiff(s),

    -against-

US UNDERWRITERS INSURANCE COMPANY,

                                  Defendant(s).
-----------------------------------------------------------------X

INDEX NO. 602018/2022
DATE FILED: 2/1/2022

Plaintiffs designate SUFFOLK COUNTY as the place of trial.

The basis of venue is plaintiff's residence

**SUMMONS**

Plaintiffs' Address:
35 Bank Street
Center Moriches, NY 11934

**To the above named Defendants:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney, within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    Garden City, New York
            February 1, 2022

McDONNELL ADELS & KLESTZICK, PLLC

_____
EVAN W. KLESTZICK, ESQ.
Attorneys for Plaintiff
EMILIES PASTARIA LLC
401 Franklin Avenue, Suite 200
Garden City, New York 11530
Tele No: (516) 328-3500
Our File No. MAG-0381

To Defendants:
US UNDERWRITERS INSURANCE COMPANY
1190 Devon Park Drive
Wayne, PA 19067

SUPREME COURT, STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------x
EMILIES PASTARIA LLC,

       Plaintiff,

 -against-

US UNDERWRITERS INSURANCE COMPANY,

       Defendant.
-------------------------------------------------------------x

Index 602018/2022

**VERIFIED COMPLAINT**

Plaintiff EMILIES PASTARIA LLC, by its attorneys, McDonnell, Adels & Klestzick, PLLC, states, upon information and belief, as follows:

### JURISDICTION

1. At all times herein mentioned, Plaintiff is a New York Limited Liability Company (LLC) with its principle place of business in the State of New York, County of Suffolk.

2. At all times herein mentioned Defendant, US UNDERWRITERS INSURANCE COMPANY is a company which underwrites insurance policies in general, and fire policies in particular with its principle place of business at 1190 Devon Park Drive, Wayne PA 19067.

3. At all times herein mentioned Defendant, US UNDERWRITERS INSURANCE COMPANY was and is doing business in the State of New York.

4. At all times herein mentioned Defendant, US UNDERWRITERS INSURANCE COMPANY was issuing policies of insurance to commercial companies within the State of New York.

### THE INSURED PREMISES

5. At all times herein mentioned, Plaintiff was the owner of certain property located at 4 Route 26, Climax NY.

6. At all times herein mentioned, Plaintiff was the owner of the Quarry Steakhouse located on the property known as 4 Route 26, Climax NY.

F:\WPDATA\MAG\MAG-0031\Final.doc

## THE INSURING AGREEMENT

7. At all times herein mentioned, Plaintiff took out a policy of insurance with Defendant, under policy number CP3565389A, with a policy period of 7/29/19 to 1/29/20.

8. At all times herein mentioned, Plaintiff took out a policy of insurance with Defendant, under policy number CP3565389A, with a policy period of 7/29/19 to 1/29/20 with regard to the Plaintiff's property is located at 4 Route 26, Climax NY (hereinafter "the insured property".)

9. **The named insured** and address on Defendant's DEC page is:
Emilie's Pastaria, LLC
35 Bank Street, Center Moriches, NY 11934.

10. The **insured property** in Defendant's insurance policy is:
4 Route 26, Climax NY (hereinafter "the insured property".)

## THE PARTIES

11. Plaintiff EMILIES PASTARIA LLC is a New York LLC with a principal place of business located at 35 Bank Street, Center Moriches, N.Y., 11934.

12. Defendant US UNDERWRITERS INSURANCE COMPANY, is a Pennsylvania Corporation with a principal place of business located at 1190 Devon Park Drive, Wayne PA 19067.

## BACKGROUND FACTS

13. On August 4, 2019, the policy issued by US UNDERWRITERS INSURANCE COMPANY to EMILIES PASTARIA LLC, was in effect covering the premises.

14. The US UNDERWRITERS INSURANCE COMPANY policy afforded coverage to EMILIES PASTARIA LLC in the amount of $1,250,000 for structural damage to the insured premises.

15. The US UNDERWRITERS INSURANCE COMPANY policy afforded coverage to EMILIES PASTARIA LLC in the amount of $250,000 for business personal property damage associated with the insured premises.

16. US UNDERWRITERS INSURANCE COMPANY policy of insurance states as follows:

### BUILDING AND PERSONAL PROPERTY COVERAGE

A. **Coverage**
We will pay for direct physical loss of or damage to covered property at the premises described in the declarations caused by or resulting from any Covered Cause of Loss.
1. **Covered Property**
    A. **Building**, meaning the building or structure described in the Declarations, including...
    B. **Your Business Personal Property** located in or about the building described in the declarations, or in the open (or in a vehicle) within 100 feet of the described premises...

17. On August 4, 2019, there was a fire at Quarry Steakhouse, located at 4 Route 26, Climax NY.

18. The fire on August 4, 2019 was not caused by Plaintiff.

19. The fire on August 4, 2019 completely destroyed Quarry Steakhouse, located at 4 Route 26, Climax NY.

20. The fire on August 4, 2019 completely destroyed the property located and known as 4 Route 26, Climax NY, (hereinafter "the insured premises".)

21. The policy issued by US UNDERWRITERS INSURANCE COMPANY to EMILIES PASTARIA LLC under policy number CP3565389A, was in full force and effect on the date of the fire.

22. The Plaintiff's property was a complete loss.

23. The Plaintiff's property cannot be restored.

24. Any remaining structures on the Plaintiff's property need to be torn down, as it is presents a hazard to the safety of the public at large.

25. The foundation of the insured premises is completely compromised.

26. The concrete slab of the insured premises is completely compromised.

27. On November 19, 2019, Plaintiff timely submitted a properly prepared, sworn statement and proof of loss, for damage to the insured premises, in the amount of $581,907.22.

28. The defendant acknowledged receipt of plaintiff's properly prepared, sworn statement and proof of loss dated November 19, 2019, for the insured premises, and issued payment in the amount of $414,855.37.

29. Plaintiff conditionally accepted this offer as a partial payment only.

30. On February 6, 2020, Plaintiff timely submitted a properly prepared, supplemental sworn statement and proof of loss, for damage to the insured premises, in the amount of $674,597.46.

31. The defendant acknowledged receipt of plaintiff's properly prepared, sworn statement and proof of loss dated February 6, 2020, for the insured premises, and issued payment in the amount of $85,326.34

32. Plaintiff conditionally accepted this offer as a partial payment only.

33. On May 21, 2020, Plaintiff timely submitted a properly prepared, supplemental sworn statement and proof of loss, for damage to the insured premises, in the amount of $847,373.77.

34. The defendant acknowledged receipt of plaintiff's properly prepared, sworn statement and proof of loss dated May 21, 2020, for the insured premises, and issued payment in the amount of $135,348.56.

35. Plaintiff conditionally accepted this offer as a partial payment only.

36. The total amount paid to date from Defendant to Plaintiff, for damage to the insured premises, under the above policy is $635,530.27

37. Plaintiff has attempted, in good faith, to obtain the outstanding balance due and owing to plaintiff of $564,469.98 for damage to the insured premises under the insured policy.

38. The remaining policy amount of $564,469.98 for damage to the insured premises is still unpaid, outstanding and due.

39. On February 6, 2020, Plaintiff timely submitted a properly prepared, supplemental sworn statement and proof of loss, for the insured's business personal property damage, in the amount of $271,581.883.

40. The defendant acknowledged receipt of plaintiff's properly prepared, sworn statement and proof of loss dated February 6, 2020 for the insured's business personal property damage, and issued payment in the amount of $162,588.59.

41. Plaintiff conditionally accepted this offer as a partial payment only.

42. The total amount paid to date from Defendant to Plaintiff, for the insured's business personal property damage, under the above policy is $162,588.59.

43. Plaintiff has attempted, in good faith, to obtain the outstanding balance due and owing to plaintiff of $87,411.40 for the insured's business personal property damage.

44. The remaining amount of $87,411.40 for the insured's business personal property damage is still unpaid, outstanding and due.

45. The total amount still unpaid, outstanding and due with respect to both, the insured premises and the insured's business personal property is $651,881.38

### FIRST CLAIM FOR RELIEF
### Breach of Contract

46. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-45 hereof.

47. At all times herein mentioned, the plaintiff fully complied with its duties and obligations under the US UNDERWRITERS INSURANCE COMPANY policy.

48. At all times herein mentioned, the Plaintiff fully cooperated US UNDERWRITERS INSURANCE COMPANY in its investigation of this claim.

49. At all times herein mentioned, the Plaintiff attempted to mitigate any damages to the insured property.

50. At all times herein mentioned, the Plaintiff timely paid its premiums.

51. At all times herein mentioned, the Plaintiff negotiated in good faith.

52. At all times herein mentioned, the Defendant failed to negotiate in good faith.

53. The Defendant is in breach of its contract under the policy.

54. The remaining balance of $564,469.98 for damage to the insured premises is still unpaid, outstanding and due.

55. The remaining amount of $87,411.40 for the insured's business personal property damage is still unpaid, outstanding and due.

56. The total amount still unpaid, outstanding and due with respect to both, the insured premises and the insured's business personal property is $651,881.38

57. The defendant continues to unreasonably delay full payment of plaintiff's claim in bad faith.

58. The defendant continues to unreasonably disclaim plaintiff's claim in bad faith.

59. Defendant has breached the subject contract of insurance.

60. Plaintiff has been damaged and demands judgment in the amount of $564,469.98 for damage to the insured premises, and $87,411.40 for the insured's business personal property damage, the total amount still unpaid, outstanding and due with respect to both, the insured premises and the insured's business personal property is $651,881.38, together with interest.

## SECOND CLAIM FOR RELIEF
### Improper Delay of Payment

61. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-60 as if fully stated herein at length.

62. The Defendant has acted in bad faith by improperly delaying the full payment of this claim.

63. As a result of the aforesaid conduct, Plaintiff is entitled to judgment in the amount of $564,469.98 for damage to the insured premises, and $87,411.40 for the insured's business personal property damage, the total amount still unpaid, outstanding and due with respect to both, the insured premises and the insured's business personal property is $651,881.38, together with interest.

## THIRD CLAIM FOR RELIEF
### Improper Disclaimer of Coverage

64. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-63 as if fully stated herein at length.

65. The Defendant has acted in bad faith by improperly disclaiming coverage of this claim.

66. Detailed herein, Defendant has acted in bad faith in the adjustment/settlement of Plaintiff's claim.

67. As a result of the aforesaid conduct, Plaintiff is entitled to judgment in the amount of $564,469.98 for damage to the insured premises, and $87,411.40 for the insured's business personal property damage, the total amount still unpaid, outstanding and due with respect to both, the insured premises and the insured's business personal property is $651,881.38, together with interest.

F:\WPDATA\MAGMAG-0381\Final.doc

## FOURTH CLAIM FOR RELIEF
### Breach of Covenant of Good Faith and Fair Dealing

68. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-67 as if fully stated herein at length.

69. At all times herein mentioned, the Plaintiff fully complied with its duties and obligations under the US UNDERWRITERS INSURANCE COMPANY policy.

70. At all times herein mentioned, the Plaintiff fully cooperated with US UNDERWRITERS INSURANCE COMPANY in its investigation of this claim.

71. At all times herein mentioned, the Plaintiff attempted to mitigate any damages to the insured property.

72. At all times herein mentioned, the Plaintiff timely paid its premiums.

73. At all times herein mentioned, the Plaintiff negotiated in good faith.

74. At all times herein mentioned, the Defendant failed to negotiate in good faith.

75. At all times herein mentioned, the conditions requiring Defendant's performance had occurred.

76. At all times herein mentioned, Defendant unfairly interfered with Plaintiff's rights to receive the benefits under the subject policy of insurance.

77. At all times herein mentioned, Plaintiff has been and continues to be harmed by Defendant's conduct.

78. The Defendant is in breach of the covenant of good faith and fair dealing.

79. The remaining balance of $564,469.98 for damage to the insured premises is still unpaid, outstanding and due.

80. The remaining amount of $87,411.40 for the insured's business personal property damage is still unpaid, outstanding and due.

81. The total amount still unpaid, outstanding and due with respect to both, the insured premises and the insured's business personal property is $651,881.38

82. The defendant continues to unreasonably disclaim plaintiff's claim in bad faith.

83. Plaintiff has been damaged and demands judgment in the amount of $564,469.98 for damage to the insured premises, and $87,411.40 for the insured's business personal property damage, the total amount still unpaid, outstanding and due with respect to both, the insured premises and the insured's business personal property is $651,881.38, together with interest.

F:\WPDATA\MAG\MAG-0381\Final.doc

84. Plaintiff also has been damaged in its business as a result of Defendant's acts and/or practices and further seeks consequential damages resulting from the complete demise of its business in an amount to be determined at trial.

85. Further, Defendant's actions are egregious as the insured premises cannot be rebuilt and must be torn down, including the foundation, and to rebuild the premises presents a hazard to the general public, warranting an award of punitive damages against Defendant.

### FIFTH CLAIM FOR RELIEF
### Violation of General Business Law § 349

86. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-85 as if fully stated herein at length.

87. The Plaintiff's property was a complete loss.

88. The Plaintiff's property cannot be restored.

89. The foundation of the insured premises is completely compromised.

90. The concrete slab of the insured premises is completely compromised.

91. Any remaining structures, including the foundation and slab, on the Plaintiff's property need to be torn down, as it presents a hazard to the safety of the public at large.

92. By engaging in the practices described herein, Defendant has engaged in deceptive acts and practices in violation of General Business Law § 349 by failing and refusing to issue full payment of the subject claim.

93. Defendant has not only caused injury to Plaintiff but Defendant's actions are aimed at the public at large as the subject property, which is a business open to the general public, cannot merely be rebuilt or repaired and must be torn down, including the foundation.

94. Defendant's violation of the General Business Law § 349 thereby has a broad impact on the general public and consumers at large.

95. As the structure is beyond repair, Defendant's position that the subject premises be rebuilt using the existing structure is untenable and creates a condition hazardous to the public safety.

96. The total amount still unpaid, outstanding and due with respect to both the insured premises and the insured's business personal property is $651,881.38

97. Due to the willful and wanton nature of Defendant's acts; the need to deter such conduct in the future; and to prevent public harm, Plaintiff demands compensatory damages,

F:\WPDATA\MAO\MAO-0381\Final.doc

including loss of business sustained by Plaintiff, punitive damages, and an award of attorneys' fees, as authorized by General Business Law § 349.

### SIXTH CLAIM FOR RELIEF
### Improvements to Property

98. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-97 as if fully stated herein at length.

99. At all relevant times, there was a separate contract of insurance between the parties covering and protecting improvements and betterments made by Plaintiff regarding the subject premises up to $300,000.00.

100. Plaintiff fully performed under the terms and conditions of the aforesaid contract of insurance.

101. However, Defendant has wrongfully and improperly failed to reimburse Plaintiff for covered losses in connection with such improvements and betterments made by Plaintiff to the insured premises, in breach of the aforesaid contract of insurance.

102. Plaintiff has been damaged and demands judgment in the amount of $300,000.00 for damage and loss regarding improvements and betterments made by Plaintiff to the insured premises.

**WHEREFORE**, Plaintiff requests entry of a Judgment:

- Awarding Plaintiff Judgment, on the first claim for relief, in the amount of $564,469.98 for damage to the insured premises, and $87,411.40 for damage to the insured's business personal property, the total amounts with respect to both, the insured premises and the insured's business personal property, being $651,881.38, together with interest;

- Awarding Plaintiff Judgment, on the second claim for relief, in the amount of $564,469.98 for damage to the insured premises, and $87,411.40 for damage to the insured's business personal property, the total amounts with respect to both, the insured premises and the insured's business personal property, being $651,881.38, together with interest;

- Awarding Plaintiff Judgment, on the third claim for relief, in the amount of $564,469.98 for damage to the insured premises, and $87,411.40 for damage to the insured's business personal property, the total amounts with respect to both,

the insured premises and the insured's business personal property, being $651,881.38, together with interest;

- Awarding Plaintiff Judgment, on the fourth claim for relief, in the amount of $564,469.98 for damage to the insured premises, and $87,411.40 for damage to the insured's business personal property, the total amounts with respect to both, the insured premises and the insured's business personal property, being $651,881.38, together with consequential damages, including for loss of business, punitive damages, and interest;

- Awarding Plaintiff Judgment, on the fifth claim for relief, in the amount of $564,469.98 for damage to the insured premises, and $87,411.40 for damage to the insured's business personal property, the total amounts with respect to both, the insured premises and the insured's business personal property, being $651,881.38, together with consequential damages, including for loss of business, punitive damages, attorney fees, and interest;

- Awarding Plaintiff Judgment, on the sixth claim for relief, in the amount of $300,000.00, together with interest;

- Awarding Plaintiff costs, fees, and disbursements of this action; and

- Awarding Plaintiff such other and further relief as the Court may deem just and proper under the circumstances.

Dated: Garden City, New York
January 28, 2022

MCDONNELL, ADELS, & KLESTZICK, PLLC

By: EVAN KLESTZICK, ESQ.
Attorneys for Plaintiff
EMILIES PASTARIA LLC
401 Franklin Avenue
Garden City, New York 11530
(516) 328-3500

STATE OF NEW YORK )
)  ss.:
COUNTY OF NASSAU )

I, the undersigned, an attorney with the firm, McDONNELL ADELS & KLESTZICK, PLLC, admitted to practice in the courts of New York State, state under penalty of perjury that I am of the attorneys for the plaintiff in the within action; I have read the foregoing SUMMONS and VERIFIED COMPLAINT, and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by my client is that my client does not reside in the County where I maintain my offices. The grounds of my belief as to all matters are the materials in my file, and information submitted by my client.

Dated: Garden City, New York
February 1, 2022

EVAN W. KLESTZICK, ESQ.

FILED: SUFFOLK COUNTY CLERK 02/01/2022 12:18 PM
NYSCEF DOC. NO. 1

INDEX NO. 602018/2022
RECEIVED NYSCEF: 02/01/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
Index No.:

EMILIES PASTARIA LLC,

                    Plaintiff(s),

-against-

US UNDERWRITERS INSURANCE COMPANY,

                    Defendants.

## SUMMONS and VERIFIED COMPLAINT

**McDONNELL, ADELS & KLESTZICK, PLLC**
Attorneys at Law
Attorneys for Plaintiff
Post Office Address and Telephone
401 Franklin Avenue
Garden City, NY 11530
(516) 328-3697

### CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. §130-1.1a

EVAN W. KLESTZICK, ESQ. hereby certifies that, pursuant to 22 N.Y.C.R.R. §130-1.1a, the foregoing SUMMONS and VERIFIED COMPLAINT is not frivolous nor frivolously presented.

                                              EVAN W. KLESTZICK, ESQ.

Dated: Garden City, New York
        February 1, 2022

Service of a copy of the within ^ is hereby admitted
Dated,

                                          Attorney(s) for ^

Please take notice
☐ Notice of entry
that the within is a (*certified*) true copy of a ^
duly entered in the office of the clerk of the within named court on ^
☐ Notice of Settlement
that an order ^ of which the within is a true copy will be presented for ^ settlement to the HON. ^ one of the judges of the within named court, at ^
on ^

Dated:

                                        Yours, etc.,
                                        McDONNELL, ADELS & KLESTZICK, PLLC
                                        Attorneys at Law
                                        Attorneys for Plaintiff
                                        *Post Office Address*
                                        401 Franklin Avenue
                                        Garden City, New York 11530
                                        (516) 328-3500