**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____

|  |  |
|---|---|
| : | |
| EMILIES PASTARIA LLC, | : CIVIL ACTION |
| : | |
| Plaintiff, | : No. 2:22-cv-000955-JMA-SIL |
| : | |
| vs. | : |
| : | |
| U.S. UNDERWRITERS INSURANCE | : |
| COMPANY, | : **ANSWER AND** |
| | : **AFFIRMATIVE DEFENSES** |
| Defendant. | : |
| : | |

_____

Defendant U.S. Underwriters Insurance Company ("U.S. Underwriters"), by and through

its undersigned counsel, by way of Answer to the Complaint of Plaintiff Emilies Pastaria LLC

("Plaintiff"), states as follows:

## JURISDICTION

1.     At all times herein mentioned, Plaintiff is a New York Limited Liability Company

(LLC) with its principle [sic] place of business in the State of New York, Count of Suffolk.

**ANSWER**: U.S. Underwriters admits the allegations of paragraph 1 of the Complaint.

2.     At all times herein mentioned Defendant, US UNDERWRITERS INSURANCE

COMPANY is a company which underwrites insurance policies in general, and fire policies in

particular with its principle [sic] place of business at 1190 Devon Park Drive, Wayne PA 19067.

**ANSWER:** U.S. Underwriters admits that it underwrites insurance policies and that its

principal place of business is located at 1190 Devon Park Drive, Wayne PA 19067. U.S.

Underwriters denies the remaining allegations of paragraph 2 of the Complaint.

3.     At all times hereinafter mentioned Defendant, US UNDERWRITERS

INSURANCE COMPANY was and is doing business in the State of New York.

**ANSWER:** U.S. Underwriters admits only that it is a surplus lines insurance carrier authorized to issue policies of insurance in the State of New York. U.S. Underwriters denies the remaining allegations of paragraph 3 of the Complaint.

4.      At all times hereinafter mentioned Defendant, US UNDERWRITERS INSURANCE COMPANY was issuing policies of insurance to commercial companies within the State of New York.

**ANSWER:** U.S. Underwriters admits only that it is a surplus lines insurance carrier authorized to issue policies of insurance in the State of New York. U.S. Underwriters denies the remaining allegations of paragraph 4 of the Complaint.

### THE INSURED PREMISES

5.      At all times hereinafter mentioned, Plaintiff was the owner of certain property located at 4 Route 26, Climax NY.

**ANSWER:** U.S. Underwriters is without sufficient information to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and, therefore, leaves Plaintiff to its proofs.

6.      At all times hereinafter mentioned, Plaintiff was the owner of the Quarry Steakhouse located on the property known as 4 Route 26, Climax NY.

**ANSWER:** U.S. Underwriters is without sufficient information to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and, therefore, leaves Plaintiff to its proofs.

7.      At all times hereinafter mentioned, Plaintiff took out a policy of insurance with Defendant, under policy CP3565389A, with a policy period of 7/29/19 to 1/29/20.

**ANSWER:** U.S. Underwriters admits that it issued to Plaintiff Policy No. CP3565389A, effective from July 29, 2019 to January 29, 2020 (the "Policy") and refers the Court to the Policy for its full and complete terms, conditions, limitations, exclusions and endorsements. U.S. Underwriters denies the remaining allegations of paragraph 7 of the Complaint.

8.      At all times herein mentioned, Plaintiff took out a policy of insurance with Defendant, under policy CP3565389A, with a policy period of 7/29/19 to 1/29/20 with regard to the Plaintiff's property is located at 4 Route 26, Climax NY (hereinafter "the insured property").

**ANSWER:** U.S. Underwriters admits that it issued the Policy to Plaintiff and that the insured premises under the Policy is identified as 4 County Route 26, Climax, NY 12042 and refers the Court to the Policy for its full and complete terms, conditions, limitations, exclusions and endorsements. U.S. Underwriters denies the remaining allegations of paragraph 8 of the Complaint.

9.      The named insured and address on Defendant's DEC page is:

Emilie's Pastaria, LLC

35 Bank Street, Center Moriches, NY 11934.

**ANSWER:** U.S. Underwriters admits that the "Named Insured and Address" shown on the Policy Declarations of the Policy is "Emilie's Pastaria, LLC, 35 Bank St, Center Moriches, NY 11934" and refers the Court to the Policy for its full and complete terms, conditions, limitations, exclusions and endorsements. U.S. Underwriters denies the remaining allegations of paragraph 9 of the Complaint.

10.     The insured property in Defendant's insurance policy is:

4 Route 26, Climax NY (hereinafter "the insured property".)

3

**ANSWER:** U.S. Underwriters admits that the premises location on the Commercial Property Coverage Part Declarations of the Policy is identified as "4 County Route 26, Climax, NY 12042" and refers the Court to the Policy for its full and complete terms, conditions, limitations, exclusions and endorsements. U.S. Underwriters denies the remaining allegations of paragraph 10 of the Complaint.

## THE PARTIES

11.     Plaintiff EMILIES PASTARIA LLC is a New York LLC with a principal place of business located at 35 Bank Street, Center Moriches, N.Y., 11934.

**ANSWER:** U.S. Underwriters admits the allegations of paragraph 11 of the Complaint.

12.     Defendant US UNDERWRITERS INSURANCE COMPANY, is a Pennsylvania Corporation with a principal place of business located at 1190 Devon Park Drive, Wayne PA 19067.

**ANSWER:** U.S. Underwriters admits that its principal place of business is located at 1190 Devon Park Drive, Wayne PA 19067. U.S. Underwriters denies that it is a "Pennsylvania Corporation" and states that it is a corporation organized and existing under the laws of the State of North Dakota.

## BACKGROUND FACTS

13.     On August 4, 2019, the policy issued by US UNDERWRITERS INSURANCE COMPANY to EMILIES PASTARIAS LLC, was in effect covering the premises.

**ANSWER:** U.S. Underwriters admits that the Policy was in effect on August 4, 2019 and refers the Court to the Policy for its full and complete terms, conditions, limitations, exclusions and endorsements. U.S. Underwriters denies the remaining allegations of paragraph 13 of the Complaint.

14. The US UNDERWRITERS INSURANCE COMPANY policy afforded to coverage to EMILIES PASTARIA LLC in the amount of $1,250,000 for structural damage to the insured premises.

> **ANSWER:** U.S. Underwriters admits only that the limit of insurance for Building coverage under the Policy is $1,250,000 on a replacement cost basis and subject to a coinsurance percentage of 80% and refers the Court to the Policy for its full and complete terms, conditions, limitations, exclusions and endorsements. U.S. Underwriters denies the remaining allegations of paragraph 14 of the Complaint.

15. The US UNDERWRITERS INSURANCE COMPANY policy afforded to coverage to EMILIES PASTARIA LLC in the amount of $250,000 for business personal property damage associated the insured premises.

> **ANSWER:** U.S. Underwriters admits only that the limit of insurance for Building Personal Property coverage under the Policy is $250,000 on a replacement cost basis and subject to a coinsurance percentage of 100% and refers the Court to the Policy for its full and complete terms, conditions, limitations, exclusions and endorsements. U.S. Underwriters denies the remaining allegations of paragraph 15 of the Complaint.

16. US UNDERWRITERS INSURANCE COMPANY policy of insurance states as follows:

### BUILDING AND PERSONAL PROPERTY COVERAGE

**A. Coverage**
We will pay for direct physical loss of or damage to covered property at the premises described in the declarations caused by or resulting from any Covered Cause of Loss.
**1. Covered Property**
A. **Building**, meaning the building or structure described in the Declarations, including…

B. **Your Business Personal Property** located in or about the building described in the declarations, or in the open (or in a vehicle) within 100 feet of the described premises…

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 16 of the Complaint to the extent that Plaintiff has not accurately or completely quoted the applicable provisions of the Policy. U.S. Underwriters refers the Court to the Policy for its full and complete terms, conditions, limitations, exclusions and endorsements.

17.    On August 4, 2019, there was a fire at Quarry Steakhouse, located at 4 Route 26, Climax NY.

**ANSWER:** U.S. Underwriters admits the allegations of paragraph 17 of the Complaint.

18.    The first on August 4, 2019 was not caused by Plaintiff.

**ANSWER:** U.S. Underwriters is without sufficient information to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and, therefore, leaves Plaintiff to its proofs.

19.    The fire on August 4, 2019 completely destroyed Quarry Steakhouse, located at Route 26, Climax NY.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 19 of the Complaint.

20.    The fire on August 4, 2019 completely destroyed the property located and known as 4 Route 26, Climax NY, (hereinafter "the insured premises".)

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 20 of the Complaint.

21.    The policy issued by US UNDERWRITERS INSURANCE COMPANY to EMILIES PASTARIA LLC under policy number CPR3565389A, was in full force and effect on the date of the fire.

**ANSWER:** U.S. Underwriters admits the allegations of paragraph 21 of the Complaint.

22.    The Plaintiff's property was a complete loss.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 22 of the Complaint.

23.    The Plaintiff's property cannot be restored.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 23 of the Complaint.

24.    Any remaining structures on the Plaintiff's property need to be torn down, as it is presents a hazard to the safety of the public at large.

**ANSWER:** U.S. Underwriters is without sufficient information to form a belief as to the truth of the allegations of paragraph 24 of the Complaint and, therefore, leaves Plaintiff to its proofs.

25.    The foundation of the insured premises is completely compromised.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 25 of the Complaint.

26.    The concrete slab of the insured premises is completely compromised.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 26 of the Complaint.

27.    On November 19, 2019, Plaintiff timely submitted a properly prepared, sworn statement and proof of loss, for damage to the insured premises, in the amount of $581,907.22.

**ANSWER:**  U.S. Underwriters admits that Plaintiff timely submitted a sworn statement and proof of loss, for damage to the insured premises, in the amount of $581,907.22. U.S. Underwriters denies the remaining allegations of paragraph 27 of the Complaint.

28.    The defendant acknowledged receipt of plaintiff's properly prepared, sworn statement and proof of loss dated November 19, 2019, for the insured premises, and issued payment in the amount of $414,855.37.

**ANSWER:** U.S. Underwriters admits that it acknowledged receipt of plaintiff's sworn statement and proof of loss dated November 19, 2019, for the insured premises, and

issued payment in the amount of $414,855.37. U.S. Underwriters denies the remaining allegations of paragraph 28 of the Complaint.

29.    Plaintiff conditionally accepted this offer as a partial payment only.

**ANSWER:** U.S. Underwriters is without sufficient information to form a belief as to the truth of the allegations of paragraph 29 of the Complaint and, therefore, leaves Plaintiff to its proofs.

30.    On February 6, 2020, Plaintiff timely submitted a properly prepared, supplemental sworn statement and proof of loss, for damage to the insured premises, in the amount of $674,597.46.

**ANSWER:** U.S. Underwriters admits that Plaintiff timely submitted a supplemental sworn statement and proof of loss, for damage to the insured premises, in the amount of $674,597.46. U.S. Underwriters denies the remaining allegations of paragraph 30 of the Complaint.

31.    The defendant acknowledged receipt of plaintiff's properly prepared, sworn statement and proof of loss dated February 6, 2020, for the insured premises, and issued payment in the amount of $85,326.34.

**ANSWER:** U.S. Underwriters admits that it acknowledged receipt of plaintiff's sworn statement and proof of loss dated February 6, 2020, for the insured premises, and issued payment in the amount of $85,326.34. U.S. Underwriters denies the remaining allegations of paragraph 31 of the Complaint.

32.    Plaintiff conditionally accepted this offer as a partial payment only.

**ANSWER:** U.S. Underwriters is without sufficient information to form a belief as to the truth of the allegations of paragraph 32 of the Complaint and, therefore, leaves Plaintiff to its proofs.

33.     On May 21, 2020, Plaintiff timely submitted a properly prepared, supplemental sworn statement and proof of loss, for damage to the insured premises, in the amount of $847,373.77.

**ANSWER:** U.S. Underwriters admits that Plaintiff timely submitted a supplemental sworn statement and proof of loss, for damage to the insured premises, in the amount of $847,373.77. U.S. Underwriters denies the remaining allegations of paragraph 33 of the Complaint.

34.     The defendant acknowledged receipt of plaintiff's properly prepared, sworn statement and proof of loss dated May 21, 2020, for the insured premises, and issued payment in the amount of $135,348.56.

**ANSWER:** U.S. Underwriters admits that it acknowledged receipt of plaintiff's sworn statement and proof of loss dated May 21, 2020, for the insured premises, and issued payment in the amount of $135,348.56. U.S. Underwriters denies the remaining allegations of paragraph 34 of the Complaint.

35.     Plaintiff conditionally accepted this offer as a partial payment only.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 35 of the Complaint, stating that Plaintiff accepted $635,530.27 as full payment for damage to the building caused by the fire on an actual cash value basis, subject to further payment on a replacement cost basis in accordance with the terms, conditions, limitations, exclusions and endorsement of the Policy.

36.     The total amount paid to date from Defendant to Plaintiff, for damage to the insured premises, under the above policy is $635,530.27.

**ANSWER:** U.S. Underwriters admits the allegations of paragraph 36 of the Complaint.

37.     Plaintiff has attempted, in good faith, to obtain the outstanding balance due and owing to plaintiff of $564,469.98 for damage to the insured premises under the insured policy.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 37 of the Complaint.

38.     The remaining policy amount of $564,469.98 for damage to the insured premises is still unpaid, outstanding and due.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 38 of the Complaint.

39.     On February 6, 2020, Plaintiff timely submitted a properly prepared, supplemental sworn statement and proof of loss, for the insured's business personal property damage, in the amount of $271,581.883 [sic].

**ANSWER:** U.S. Underwriters admits that Plaintiff timely submitted a supplemental sworn statement and proof of loss, for its business personal property damage, in the amount of $271,581.88. U.S. Underwriters denies the remaining allegations of paragraph 39 of the Complaint.

40.     The defendant acknowledged receipt of plaintiff's properly prepared, sworn statement and proof of loss dated February 6, 2020, for the insured's business personal property damage, and issued payment in the amount of $162,588.59.

**ANSWER:** U.S. Underwriters admits that it acknowledged receipt of plaintiff's sworn statement and proof of loss dated February 6, 2020, for its business personal property damage, and issued payment in the amount of $162,588.59. U.S. Underwriters denies the remaining allegations of paragraph 40 of the Complaint.

41.     Plaintiff conditionally accepted this offer as a partial payment only.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 41 of the Complaint, stating that Plaintiff accepted $162,588.59 as full payment for damage to its business personal property caused by the fire on an actual cash value basis, subject to further payment on a replacement cost basis in accordance with the terms, conditions, limitations, exclusions and endorsement of the Policy.

42.     The total amount paid to date from Defendant to Plaintiff, for the insured's business personal property damage, under the above policy is $162,588.59.

**ANSWER:** U.S. Underwriters admits the allegations of paragraph 42 of the Complaint.

43.     Plaintiff has attempted, in good faith, to obtain the outstanding balance due and owing to plaintiff of $87,411.40 for the insured's business personal property damage.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 43 of the Complaint.

44.     The remaining amount of $87,411.40 for the insured's business personal property damage is still unpaid, outstanding and due.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 44 of the Complaint.

45.     The total amount still unpaid, outstanding and due with respect to both, the insured premises and the insured's business personal property is $651,881.38.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 45 of the Complaint.

### FIRST CLAIM FOR RELIEF
### Breach of Contract

46.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-45 hereof.

**ANSWER:** U.S. Underwriters repeats and realleges its responses to the allegations set forth in paragraph 1-45 of the Complaint as if fully set forth herein at length.

47.     At all times herein mentioned, the plaintiff fully complied with its duties and obligations under the US UNDERWRITERS INSURANCE COMPANY policy.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 47 of the Complaint.

48.     At all times herein mentioned, the Plaintiff fully cooperated [with] US UNDERWRITERS INSURANCE COMPANY in its investigation of this claim.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 48 of the Complaint.

49.     At all times herein mentioned, the Plaintiff attempted to mitigate any damages to the insured property.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 49 of the Complaint.

50.     At all times herein mentioned, the Plaintiff timely paid its premiums.

**ANSWER:** U.S. Underwriters admits the allegations of paragraph 50 of the Complaint.

51.      At all times herein mentioned, the Plaintiff negotiated in good faith.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 51 of the Complaint.

52.     At all times herein mentioned, the Defendant failed to negotiate in good faith.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 52 of the Complaint.

53.     The Defendant is in breach of its contract under the policy.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 53 of the Complaint.

54.     The remaining balance of $564,469.98 for damage to the insured premises is still unpaid, outstanding and due.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 54 of the Complaint.

55.     The remaining amount of $87,411.40 for the insured's business personal property is still unpaid, outstanding and due.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 55 of the Complaint.

12

56.     The total amount still unpaid, outstanding and due with respect to both, the insured premises and the insured's business personal property is $651,881.38.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 56 of the Complaint.

57.     The defendant continues to unreasonably delay full payment of plaintiff's claim in bad faith.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 57 of the Complaint.

58.     The defendant continues to unreasonably disclaim plaintiff's claim in bad faith.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 58 of the Complaint.

59.     Defendant has breached the subject contract of insurance.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 59 of the Complaint.

60.     Plaintiff has been damaged and demands judgment in the amount of $564,469.68 for damage to the insured premises, and $87,411.40 for the insured's business personal property damage, the total amount still unpaid, outstanding and due with respect to both, the insured premises and the insured's business personal property is $651,881.38 together with interest.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 60 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**Improper Delay of Payment**

61.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-60 as if fully stated herein at length.

**ANSWER:** U.S. Underwriters repeats and realleges its responses to the allegations set forth in paragraph 1-60 of the Complaint as if fully set forth herein at length.

62.     The Defendant has acted in bad faith by improperly delaying the full payment of this claim.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 62 of the Complaint.

13

63.     As a result of the aforesaid conduct, Plaintiff is entitled to judgment in the amount of $564,469.68 for damage to the insured premises, and $87,411.40 for the insured's business personal property damage, the total amount still unpaid, outstanding and due with respect to both, the insured premises and the insured's business personal property is $651,881.38 together with interest.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 63 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**Improper Disclaimer of Coverage**

64.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-63 as if fully stated herein at length.

**ANSWER:** U.S. Underwriters repeats and realleges its responses to the allegations set forth in paragraph 1-63 of the Complaint as if fully set forth herein at length.

65.     The Defendant has acted in bad faith by improperly disclaiming coverage for this claim.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 65 of the Complaint.

66.     Detailed herein, Defendant has acted in bad faith in the adjustment/settlement of Plaintiff's claim.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 66 of the Complaint.

67.     As a result of the aforesaid conduct, Plaintiff is entitled to judgment in the amount of $564,469.68 for damage to the insured premises, and $87,411.40 for the insured's business personal property damage, the total amount still unpaid, outstanding and due with respect to both, the insured premises and the insured's business personal property is $651,881.38 together with interest.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 67 of the Complaint.

**FOURTH CLAIM FOR RELIEF**
**Breach of Covenant of Good Faith and Fair Dealing**

68.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1-67 as if fully stated herein at length.

**ANSWER:** U.S. Underwriters repeats and realleges its responses to the allegations set forth in paragraph 1-67 of the Complaint as if fully set forth herein at length.

69.    At all times herein mentioned, the Plaintiff fully complied with its duties and obligations under the US UNDERWRITERS INSURANCE COMPANY policy.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 69 of the Complaint.

70.    At all times herein mentioned, the Plaintiff fully cooperated US UNDERWRITERS INSURANCE COMPANY in its investigation of this claim.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 70 of the Complaint.

71.    At all times herein mentioned, the Plaintiff attempted to mitigate any damages to the insured property.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 71 of the Complaint.

72.    At all times herein mentioned, the Plaintiff timely paid its premiums.

**ANSWER:** U.S. Underwriters admits the allegations of paragraph 45 of the Complaint.

73.    At all times herein mentioned, the Plaintiff negotiated in good faith.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 73 of the Complaint.

74.    At all times herein mentioned, the Defendant failed to negotiate in good faith.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 74 of the Complaint.

75.    At all times herein mentioned, the conditions requiring Defendant's performance had occurred.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 76 of the Complaint.

76.     At all times herein mentioned, the Defendant unfairly interfered with Plaintiff's rights to receive the benefits under the subject policy of insurance.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 76 of the Complaint.

77.     At all times herein mentioned, Plaintiff has been and continues to be harmed by Defendant's conduct.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 77 of the Complaint.

78.     The Defendant is in breach of the covenant of good faith and fair dealing.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 78 of the Complaint.

79.     The remaining balance of $564,469.98 for damage to the insured premises is still unpaid, outstanding and due.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 79 of the Complaint.

80.     The remaining amount of $87,411.40 for the insured's business personal property is still unpaid, outstanding and due.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 80 of the Complaint.

81.     The total amount still unpaid, outstanding and due with respect to both, the insured premises and the insured's business personal property is $651,881.38.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 81 of the Complaint.

82.     The defendant continues to unreasonably disclaim plaintiff's claim in bad faith.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 82 of the Complaint.

83.     Plaintiff has been damaged and demands judgment in the amount of $564,469.68 for damage to the insured premises, and $87,411.40 for the insured's business personal property damage, the total amount still unpaid, outstanding and due with respect to both, the insured premises and the insured's business personal property is $651,881.38 together with interest.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 83 of the Complaint.

84.     Plaintiff also has been damaged in its business as a result of Defendant's acts and/or practices and further seeks consequential damages resulting from the complete demise of its business in an amount to be determined at trial.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 84 of the Complaint.

85.     Further, Defendant's actions are egregious as the insured premises cannot be rebuilt and must be torn down, including the foundation, and to rebuild the premises presents a hazard to the general public, warranting an award of punitive damages against Defendant.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 85 of the Complaint.

**FIFTH CLAIM FOR RELIEF**
**Violation of General Business Law § 349**

86.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-85 as if fully stated herein at length.

**ANSWER:** U.S. Underwriters repeats and realleges its responses to the allegations set forth in paragraph 1-85 of the Complaint as if fully set forth herein at length.

87.     The Plaintiff's property was a complete loss.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 87 of the Complaint.

88.     The Plaintiff's property cannot be restored.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 88 of the Complaint.

89.     The foundation of the insured premises is completely compromised.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 89 of the Complaint.

90.     The concrete slab of the insured premises is completely compromised.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 90 of the Complaint.

91.     Any remaining structures, including the foundation and slab, on the Plaintiff's property need to be torn down, as it presents a hazard to the safety of the public at large.

**ANSWER:** U.S. Underwriters is without sufficient information to form a belief as to the truth of the allegations of paragraph 91 of the Complaint and, therefore, leaves Plaintiff to its proofs.

92.     By engaging in the practices described herein, Defendant has engaged in deceptive acts and practices in violation of General Business Law § 349 by failing and refused to issue full payment of the subject claim.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 92 of the Complaint.

93.     Defendant has not only caused injury to Plaintiff but Defendant's action are aimed at the public at large as the subject property, which is a business open to the general public, cannot merely by rebuilt or repaired and must be torn down, including the foundation.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 93 of the Complaint.

94.     Defendant's violation of the General Business Law § 349 thereby has a broad impact on the general public and consumers at large.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 94 of the Complaint.

95.     As the structure is beyond repair, Defendant's position that the subject premises be rebuilt using the existing structure is untenable and creates a condition hazardous to the public safety.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 95 of the Complaint.

96.     The total amount still unpaid, outstanding and due with respect to both the insured premises and the insured's business personal property is $651,881.38.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 96 of the Complaint.

97.     Due to the willful and wanton nature of Defendant's acts; the need to deter such conduct in the future; and to prevent public harm, Plaintiff demands compensatory damages, including loss of business sustained by Plaintiff, punitive damages, and an award of attorneys' fees, as authorized by General Business Law § 349.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 97 of the Complaint.

**SIXTH CLAIM FOR RELIEF**
**Improvements to Property**

98.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-97 as if fully stated herein at length.

**ANSWER:** U.S. Underwriters repeats and realleges its responses to the allegations set forth in paragraph 1-97 of the Complaint as if fully set forth herein at length.

99.     At all relevant times, there was a separate contract of insurance between the parties covering and protecting improvements and betterments made by Plaintiff regarding the subject premises up to $300,000.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 99 of the Complaint.

100.     Plaintiff fully performed under the terms and conditions of the aforesaid contract of insurance.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 100 of the Complaint.

101.     However, Defendant has wrongfully and improperly failed to reimburse Plaintiff for covered losses in connection with such improvements and betterments made by Plaintiff to the insured premises, in breach of the aforesaid contract of insurance.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 101 of the Complaint.

102.    Plaintiff had been damaged and demands judgment in the amount of $300,000.00 for damage and loss regarding improvements and betterments made by Plaintiff to the insured premises.

**ANSWER:** U.S. Underwriters denies the allegations of paragraph 102 of the Complaint.

**WHEREFORE**, the prayers for relief of Plaintiff Emilies Pastaria LLC against Defendant U.S. Underwriters Insurance Company should be dismissed with prejudice, and the Court should enter judgment in favor of Defendant U.S. Underwriters Insurance Company and against Plaintiff Emilies Pastaria LLC, plus award Defendant U.S. Underwriters Insurance Company costs of suit, attorneys' fees and expenses, and such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, promissory estoppel, and laches.

### Third Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, by any applicable statute of limitations.

### Fourth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, to the extent that Plaintiff has not presented any evidence of a loss within the coverage afforded by the Policy.

**<u>Fifth Affirmative Defense</u>**

Plaintiff's claims may be barred, in whole or in part, by operation of the terms, conditions, limitations, exclusions, and endorsements of the Policy.

**<u>Sixth Affirmative Defense</u>**

Plaintiff's claims may be barred, in whole or in part, to the extent that Plaintiff's claim is in excess of the applicable limits of insurance coverage under the Policy.

**<u>Seventh Affirmative Defense</u>**

Plaintiff's claims may be barred, in whole or in part, because there is no coverage under the Policy for the repair and/or replacement costs claimed by Plaintiff.

**<u>Eighth Affirmative Defense</u>**

Plaintiff's claims may be barred, in whole or in part, because Plaintiff's has applied valuations to its alleged loss that conflict with or violate the valuations permitted under the Policy.

**<u>Ninth Affirmative Defense</u>**

Plaintiff's claims may be barred, in whole or in part, to the extent that Plaintiff has not complied with the Coinsurance provisions of the Policy.

**<u>Tenth Affirmative Defense</u>**

Plaintiff's claims may be barred, in whole or in part, by its failure to mitigate damages.

**<u>Eleventh Affirmative Defense</u>**

Plaintiff's claims may be barred, in whole or in part, on the basis that Plaintiff seeks coverage for items that do not constitute "Covered Property" as set forth in the Building and Personal Property Coverage Form of the Policy, including without limitation:

**d.**  Bridges, roadways, walks, patios or other paved surfaces;

….

    **f.**  The costs of excavations, grading, backfilling or filling;
    **g.**  Foundations of buildings, structures, machinery or boilers if their foundations are below:
        **(1)** The lowest basement floor; or
        **(2)** The surface of the ground, if there is no basement;
    **h.**  Land (including land on which the property is located), water, growing crops or lawns;
    ….
    **m.**  Underground pipes, flues or drains[.]

<u>**Twelfth Affirmative Defense**</u>

Plaintiff's claims may be barred, in whole or in part, on the basis of Exclusion B.2.f. of

the Causes of Loss – Special Form of the Policy, which provides:

    **2.**  We will not pay for loss or damage caused by or resulting from any of the following:
        ….
    **f.**  Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

<u>**Twelfth Affirmative Defense**</u>

Plaintiff's claims may be barred, in whole or in part, on the basis of Exclusion B.2.m. of

the Causes of Loss – Special Form of the Policy, which provides:

    **2.**  We will not pay for loss or damage caused by or resulting from any of the following:
        ….
    **m.**  Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

<u>**Thirteenth Affirmative Defense**</u>

Plaintiff's claims may be barred, in whole or in part, on the basis of Exclusion B.3.c. of

the Causes of Loss – Special Form of the Policy, which provides in pertinent part:

    **3.**  We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded causes of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.
        ….

    **c.**  Faulty, inadequate or defective:
        **(1)** …;
        **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
        **(3)** …;
        **(4)** …;
        of part or all of any property on or off the described premises.

### Fourteenth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, due to its breach of Loss Condition

3.a.4 of the Building and Personal Property Coverage Form of the Policy, which provides:

**3.**  **Duties In The Event Of Loss Or Damage**
    **a.**  You must see that the following are done in the event of loss or damage to Covered Property:
        ….
    **(4)** Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a causes of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

### Fifteenth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, due to its failure to comply with the

Replacement Costs provisions as set forth in Section G.3. of the Building and Personal Property

Coverage Form of the Policy, which provides, in pertinent part:

**3.**  **Replacement Cost**
    **a.**  Replacement Cost (without deduction for depreciation) replaces Actual Case Value in the Valuation Loss Condition of this Coverage Form.
    **b.**  ....
    **c.**  You may make a claim for loss or damage covered by this insurance on an actual cash value basis instead of on a replacement cost basis. In the event you elect to have a loss or damage settled on an actual cash value basis this Optional Coverage provides if you notify us of your intent to do so within 180 days after the loss or damage.
    **d.**  We will not pay on a replacement cost basis for any loss or damage:
        **(1)** Until the lost or damaged property is actually repaired or replaced; and

    **(2)** Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

    ….

**e.** We will not pay more for loss or damage on a replacement cost basis than the least of **(1)**, **(2)** or **(3)**, subject to **f.** below:

    **(1)** The limit of Insurance applicable to the lost or damaged property;

    **(2)** The cost to replace the lost or damaged property with other property:

        **(a)** Of comparable material and quality; and

        **(b)** Used for the same purpose; or

    **(3)** The amount actually spent that is necessary to repair or replace the lost or damaged property.

    ….

**f.** The cost of repair or replacement does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

## Sixteenth Affirmative Defense

U.S. Underwriters has not knowingly or intentionally waived any applicable affirmative defense. U.S. Underwriters reserves the right to assert and hereby gives notice that it intends to rely upon such other defenses that may become available or apparent in discovery.

**WHEREFORE**, the prayers for relief of Plaintiff Emilies Pastaria LLC against Defendant U.S. Underwriters Insurance Company should be dismissed with prejudice, and the Court should enter judgment in favor of Defendant U.S. Underwriters Insurance Company and against Plaintiff Emilies Pastaria LLC, plus award Defendant U.S. Underwriters Insurance Company costs of suit, attorneys' fees and expenses, and such other and further relief as the Court deems just and proper.

Dated: June 30, 2022

                          SAIBER LLC
                          270 Madison Avenue
                          New York, New York 10016-0603
                          (646) 532-4646
                          *Attorneys for Defendant*
                          *U.S. Underwriters Insurance Company*

                          By: */s/Vincent J. Proto*
                                 VINCENT J. PROTO